UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80283-CIV-MARRA/JOHNSON

LENNAR HOMES, LLC, a Florida limited
liability company,

    Plaintiff,
vs.

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation, CONSTRUCTION
SERVICES & CONSULTANTS, INC., a
foreign corporation,

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION FOR REMAND

THIS CAUSE is before the Court upon Plaintiff Lennar Homes LLC's ("Plaintiff") Motion to Remand [DE 10].  Defendant Mid-Continent Casualty Company ("MCC") has filed a response in opposition to the motion [DE 16], in which Construction Services & Consultants, Inc. ("CSC") has joined [DE 17].  Plaintiff has also filed a reply [DE 18].  The Court has reviewed the motion, response, and reply, and is otherwise fully advised in the premises.

**Background**

On or about January 18, 2011, Plaintiff filed a complaint for declaratory relief against Defendants MCC and CSC, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  [DE 1-1].  CSC was served with the complaint on January 21, 2011. [DE 10, Ex. A].  On February 18, 2011, MCC was served with the complaint. [DE 10, Ex. B].  On March 15, 2011, MCC, as the last served defendant, timely filed a Notice of Removal, and the case was removed to this Court.  [DE 1].  In the Notice of Removal, MCC stated that "[c]ounsel


for MCC has contacted counsel for CSC and certifies that CSC consents to the removal of this case from State to Federal Court." [DE 1, ¶ 9].

On April 13, 2011, Plaintiff moved to remand the case to state court, arguing that the removal was defective because CSC's consent to the removal was not obtained properly. [DE 10]. On the same day that Plaintiff's motion to remand was filed, CSC filed a Notice of Consent to Removal to Federal Court, attesting that it consents to removal and "had previously consented to the removal as indicated in the Co-Defendant's, Mid-Continent Casualty Company, Notice of Removal . . . ." [DE 9]. Plaintiff argues that CSC's consent is untimely as CSC was required to submit documentation within thirty (30) days after service of the complaint on MCC, the last-served defendant, demonstrating that it consented to or joined in the notice of removal [DE 10].

**Discussion**

Pursuant to 28 U.S.C. § 1441(a), if a civil case filed in state court originally could have been brought in federal court, the defendant may remove the case to a federal forum. 28 U.S.C. § 1441(a); *Mitsui Lines Ltd. v. CSX Intermodal Inc.*, 564 F.Supp.2d 1357, 1359 (S.D. Fla. 2008). If there is any defect in the removal procedure, a case may be remanded. *See* U.S.C. § 1447 (c); *Jones v. Florida Dept. Of Children & Family Servs.*, 202 F.Supp.2d 1352, 1354 (S.D. Fla. 2002). The removal statutes are "strictly construed and any doubts or ambiguities are to be resolved in favor of remand." *Jones,* 202 F. Supp. 2d at 1354 (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998)). Moreover, the "burden is on the removing party to demonstrate that removal was proper." *Jones,* 202 F. Supp. 2d at 1354.

Pursuant to 28 U.S.C. § 1446(b), defendants must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Each defendant has thirty days from the time of service on it to remove the case, which allows the last-served defendant to remove the case even if all previously served defendants had failed to do so (known as the "last-served defendant rule"). *Bailey v. Janssen Pharm, Inc.*, 536 F. 3d 1202, 1209 (11th Cir. 2008)  There also is, however, a requirement that all defendants join in or consent to the removal, known as the "unanimity rule." *Id.* at 1207.

MCC's representation in its Notice of Removal that CSC consented to the removal was insufficient to fulfill the "unanimity requirement." The "unanimity requirement" "mandates that in cases involving multiple defendants, all defendants must join the removal petition or otherwise manifest consent for removal to be proper within the meaning of § 1447(c)." *Mitsui Lines*, 564 F. Supp. 2d at 1360.  More specifically, a defendant "must take an affirmative step to manifest binding consent to the Court." *Id.* at 1362 (citing *Jones*, 202 F. Supp. 2d at 1355).

In *Mitsui Lines*, counsel for two of the three defendants signed the notice of removal, which stated that all defendants consented to the removal. *Id.* at 1359. The court determined that the statement by the two removing defendants that the third defendant consented to removal was insufficient, as the third defendant "did not take binding action to manifest that consent in a timely manner," namely before the thirty-day period expired. *Id.* at 1361. Similarly, it has been held that "[t]o show that all defendants have consented to removal and, thus, that the rule of unanimity has been followed, courts have held that the removing defendant must do more than simply state in the removal notice that all defendants consent to removal." *Smith v. Health Center of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1139 (M.D. Fla. 2003); *accord Getty Oil Corp. v. Insurance Co. of N.A.,* 841 F.2d 1254, 1262 n. 11(5th Cir. 1988)(Each defendant must consent

to removal for itself. There must be some timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf with authority to do so. Otherwise there would be nothing on the record to bind the allegedly consenting defendant.).

While MCC, the last-served defendant, timely filed its Notice of Removal on March 15, 2011, Plaintiff argues, and the Court agrees, that CSC was required to file evidence of its consent to removal by March 21, 2011, thirty days after MCC was served..[1] CSC did not file its Notice of Consent until April 13, 2011. Thus, under the holdings of *Mitsui Lines, Jones , Smith* and *Getty Oil,* CSC's consent to removal was not timely, and the removal is procedurally defective.

Defendants rely heavily upon *Holloway v. Select Hotels Group, LLC*, 2008 WL 4534135 (M.D. Fla 2008) to support their contention that CSC's consent was legally sufficient and timely. *Holloway,* however, is distinguishable from this case. In *Holloway*, the plaintiff filed a complaint in state court. Defendant Select had been served prior to May 21, 2008. Defendant Strauss was never served. *Id.* at *2. Under the last-served defendant rule, Strauss had thirty days from the date it was served to file a notice of removal. Rather than wait to be served, Strauss voluntarily appeared in the case by filing its notice of removal on June 23, 2008. *Id*. Strauss' voluntary appearance in the case was the legal equivalent of it having been served. *See Hart v. Yamaha-Parts Distributors, Inc.,* 787 F.2d 1468, 1471 (11th Cir. 1986)(One may voluntarily subject oneself to the court's jurisdiction by making an appearance or participating in the action in a manner that has the effect of an appearance. In the absence of such a submission to the

---

[1] The Chief Financial Officer of the State of Florida accepted service on February 15, 2011, and forwarded the process to the designated agent for MCC on February 18, 2011 (DE 10).

jurisdiction of the court, to become a party a person must be served with process or its equivalent.) Thus, the thirty day time-frame for co-defendant Select to indicate its consent to the removal began to run from that date, June 23, 2008. Although Strauss' notice of removal represented that Select consented to the removal, that representation was not determinative. Select filed its own consent on July 23, 2008, within the thirty day time frame authorized by 28 U.S.C. § 1446(b). Hence, *Holloway* does not hold that consent to removal may be expressed by another party; it does not hold that the consent may be filed more than thirty days after service on the last-served defendant; nor does it hold that a party's consent can be filed more than thirty days after the notice of removal is filed. The court's ruling in *Holloway* is completely consistent with the ruling of this Court.

Moreover, the court in *Holloway* relied upon the case of *Gay v. Fluellen*, 2007 WL 676219, *3 (M.D. Fla. 2007), which also supports this Court's conclusion. In *Fluellen,* the court stated the controlling rule that "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the thirty day period prescribed in § 1446(b)."[2]

In *Fluellen*, Defendant Libra filed a notice of removal on December 26, 2006. *Id.* at *1. In the notice of removal, Libra's counsel erroneously stated that Defendant Fluellen had yet to be served and represented that, if process were properly effectuated on Fluellen, Libra's counsel would also represent Fluellen and Fluellen would consent to removal. *Id.* In fact, Fluellen had been served on November 13, 2006. *Id.* at *1, n.2. On January 16, 2007, the same attorney filed

---

[2] The court in *Holloway* also quoted this rule with apparent approval. *Holloway,* 2008 WL 4534135 at *5.

a consent to removal on behalf of Fluellen.  *Id.*

The court first determined that the 30-day period to file both the notice of removal and consent to removal started to run on December 6, 2006, not from the time Fluellen was served on November 13, 2006.  The reason for this finding was that it was not until December 6, 2006 that the defendants were first able to ascertain that the amount in controversy exceeded $75,000.  *Id.* at *2; *see* 28 U.S.C. § 1446(b)(if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of a paper from which it may first be ascertained that the case is removable).  The court then found that the December 26, 2007 notice of removal was timely filed.  *Id.*  Although Fluellen's separately filed consent to removal was filed more than thirty days after Libra's notice of removal, the court held that Fluellen's attorney's representation in the notice of removal evidenced sufficient consent by Fluellen, "particularly since Attorney Fraley agreed that he would be representing Fluellen and therefore had the authority to consent."  *Id.* at *3.  Thus, the *Fluellen* court recognized the need for each defendant to consent to removal separately and independently on the record within the thirty day time-frame.  The *Fluellen* court relied upon the earlier and timely consent by Fluellen's counsel, who was actually representing Fluellen and was therefore authorized to make a binding representation on his behalf.  A separate, timely and binding representation by someone authorized to speak for CSC in this case was not timely submitted.

Given the facts of this case, MCC's Notice of Removal did not evidence legally binding consent by CSC.  Moreover, CSC's separately filed Notice of Consent was untimely as it was filed outside of the thirty-day window contemplated by 28 U. S. C. §1446(b).  Therefore, the removal was defective, and the Motion to Remand must be granted.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Lennar Homes LLC's ("Plaintiff") Motion to Remand [DE 10] is **GRANTED**. The Clerk of the Court is directed to remand this case to the Fifteenth Judicial Circuit of Florida. This case is Closed. All pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of June, 2011.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record